IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DAVID WAYNE HULL,           )
        Petitioner,    )
                            )
    v.                        )      Civ. Action No. 11-0364
                            )      Crim. No. 03-0096
                            )
UNITED STATES OF AMERICA,   )
        Respondent.    )

MEMORANDUM

Gary L. Lancaster,
Chief Judge.                           September 8, 2011

This is an action to vacate sentence. Petitioner, David Wayne Hull, was convicted of six counts including: possession of an unregistered firearm (silencer and explosive bomb), transfer of an unregistered firearm (explosive bomb), making of an unregistered firearm (explosive bomb), possession of firearms by a convicted felon and tampering with a witness in violation of 26 U.S.C. §§ 5861(d)-(f) & 18, 18 U.S.C. § 922, and 18 U.S.C. §1512. The court sentenced him to 130 months incarceration.

On March 22, 2011, petitioner filed the pending pro se[1] motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 [Doc. No. 173 at Crim. No. 03-0096]. In the motion, petitioner argues that his appellate, trial, and re-

---

[1] The court is mindful that a pro se movant cannot be held to the same stringent standards as attorneys. See United States v. Otero, 502 F.3d 331, 334 (3d Cir. 2007).

sentencing counsel, were so ineffective that petitioner was denied his right to counsel guaranteed by the Sixth Amendment to the United States Constitution. Specifically, petitioner contends that defense counsel was ineffective for colluding with the government to obtain a conviction against him. He also contends that the U.S. Attorney's office and the court were corrupt, bias, and prejudiced against his case.

The government opposes the motion and argues that petitioner was not denied effective assistance of counsel and that his counsel did not collude with the government nor the court to obtain a conviction against him. For the reasons that follow, petitioner's motion to vacate sentence will be denied without a hearing.[2]

I. BACKGROUND

Except where specifically noted, the following facts are undisputed. We discuss additional facts throughout the memorandum, where applicable.

---

[2] A district court is required to hold an evidentiary hearing on a motion to vacate filed under 28 U.S.C. § 2255 "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). We find that a hearing is not required in this case because it is clear that petitioner is not entitled to relief.

On May 13, 2003, a grand jury in the Western District of Pennsylvania returned a superseding indictment charging David Wayne Hull for his involvement with explosive devices and illegal possession of firearms with the following counts: Counts One through Four charged petitioner with unlawful possession of unregistered firearms (pipe bombs and a silencer); Counts Two and Five charged petitioner with unlawful transfer of unregistered firearms; Counts Three and Six charged petitioner with unlawful making of unregistered firearms; Counts Seven and Eight charged petitioner with distribution of information relating to explosives, destructive devices, and weapons of mass destruction; Count Nine charged petitioner with possession of a firearm by a convicted felon; and Count Ten charged petitioner with tampering with a witness.

The jury found petitioner guilty on Counts Two, Four through Seven, Nine and Ten. The district court sentenced petitioner on March 21, 2005, to a term of 144 months imprisonment at Count Seven and a term of 120 months for the remaining counts, with all terms running concurrently.

After a timely notice of appeal, the Court of Appeals for the Third Circuit vacated petitioner's conviction on Count Seven and affirmed all other counts. See United States v. Hull,

456 F.3d 133 (3d Cir. 2006). The case was remanded for resentencing. Id. at 144. No additional fact-finding was required by the Court of Appeals.

On September 11, 2007, petitioner was re-sentenced to a term of imprisonment of 130 months: 120 months at Counts Two, Four through Six, and Nine; 10 months at Count Ten, with the terms to run consecutively. At sentencing, he indicated to counsel that he wished to take an appeal and he complained about undersigned counsel's representation. Petitioner filed a timely notice of appeal. The appeal was denied on November 4, 2009.

Before this court is a motion to vacate pursuant to 28 U.S.C. § 2255, which was filed on March 25, 2011. Although this motion was filed approximately sixty (60) days beyond the one-year statute of limitations for such motions, it is nonetheless timely, the court granted petitioner an extension of time within which to file it. [Doc. No. 172].

II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 2255, a federal prisoner may move the sentencing court to vacate, set aside or correct a sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or

that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." U.S. v. Gartz, Civ. No. 07-1436, Crim No. 05-197, 2009 WL 3664989, 1 (W.D.Pa. Nov. 4, 2009) (citing 28 U.S.C. § 2255(a)). Relief under this provision is "generally available only in 'exceptional circumstances' to protect against a fundamental defect which inherently results in a complete miscarriage of justice or an omission inconsistent with the rudimentary demands of fair procedure." Id. at *1 (citing United States v. Gordon, 979 F.Supp. 337, 339 (E.D. Pa. 1997)).

For a petitioner to succeed on an ineffective assistance of counsel claim, he must prove: (1) that his counsel was deficient; and (2) that he was prejudiced by his counsel's deficiency. Strickland v. Washington, 466 U.S. 668, 687 (1984). The court of appeals recently observed that, in order to satisfy the first prong of the Strickland test, petitioner "must show that counsel's representation fell below an objective standard of reasonableness." Lewis v. Horn, 581 F.3d 92, 106 (3d Cir. 2009) (quoting Strickland, 466 U.S. at 688). Accordingly, we "must make every effort ... to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's

5

challenged conduct, and to evaluate the conduct from counsel's perspective at the time." Id. at 113 (citation and internal quotation omitted). The court of appeals directs that we:

> must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, [petitioner] must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy.

Id. (citation and internal quotation omitted).

The court of appeals noted, however, that "[t]he presumption can be rebutted by showing that the conduct was not, in fact, part of a strategy or by showing that the strategy employed was unsound." Id. (citation and internal quotation omitted). Generally speaking, the court of appeals advises that we first evaluate the prejudice prong of the Strickland analysis because "this course of action is less burdensome to defense counsel." United States v. Booth, 432 F.3d 542, 546 (3d Cir. 2005) (quoting United States v. McCoy, 410 F.3d 124, 132 n.6 (3d Cir. 2005) (internal quotations omitted)).

To establish prejudice, petitioner must "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694; Weeks v. Snyder,

219 F.3d 245, 257 (3d Cir. 2000). In other words, petitioner must show that there is a reasonable probability that his counsel's errors resulted in his conviction. See Glover v. United States, 531 U.S. 198, 203 (2001).

Furthermore, in demonstrating bias by the court, petitioner must plead facts that "show there exists personal bias and prejudice on the part of the trial judge." Com. of Pa. v. Local Union 542, Intern. Union of Operating Engineers, 388 F.Supp. 155, 159 (E.D. Pa. 1974) (citing 28 U.S.C. § 144). The judge must disqualify himself if such a personal bias is shown. Id. The facts pleaded in a complaint will not suffice to show the personal bias required by the statute if they go to the background and associations of the judge rather than to his appraisal of a party personally. Id.

### III. DISCUSSION

Petitioner seeks, pursuant to Section 2255, to vacate, set aside, or correct his sentence. In his motion, petitioner contends that his trial, appellate, and re-sentencing attorneys were ineffective. He also contends that both his own counsel and the court were bias towards him.

Specifically, petitioner asserts the following perceived trial errors to his trial counsel, W. Penn Hackney,: (1) a collusive relationship with the government; (2) errors in jury selection; (3) failure to enforce a sequestration request; (4) failure to pursue the admission of documents which the petitioner contends supported his defense, such as an address book; and numerous other alleged trial errors.

Petitioner further contends that his counsel at re-sentencing, Chris Rand Eyster, was ineffective for failure to have petitioner's presentence investigation report available at re-sentencing and for failure to move for a continuance due to petitioner's lack of preparation. He maintains that he was prejudiced by this omission.

Finally, petitioner contends that his attorneys colluded with the government to obtain a conviction against him and that the U.S. Attorney's office and the Court were corrupt and prejudiced against his case.

The government responds by saying that petitioner's arguments are frivolous and wholly unsupported by any evidence of record. It asserts that petitioner seeks a platform to advance his own extremist agenda, by the filing of this motion and the tirade he includes in the body of the motion.

The government further contends that petitioner's claim that his trial counsel, Hackney, appellate counsel, Karen Sirianni Gerlach, and resentencing counsel, Eyster, were ineffective is belied by the record. They contend the jury only convicted petitioner of seven of the ten counts of the superseding indictment, a result directly attributable to his counsel's advocacy. The government further contends that on appeal the Federal Public defender's office successfully argued in front of the Court of Appeals for the Third Circuit that petitioner's conviction of Count Seven should be overturned.

The government finally argues that before announcing petitioner's sentence, the court considered: the potential for personal injury with explosive devices, petitioner's possession of firearms despite being a convicted felon, and the lack of deterrent effect of his prior punishments. The district court then announced a sentence 14 months less than petitioner's previous sentence: Counts Two, Four through Six, and Nine collectively led to a sentence of 120 months, and Count Ten led to a 10-month sentence, to run consecutively.

Here, the credible evidence establishes that petitioner's Sixth Amendment rights were not violated and vacating defendant's sentence is inappropriate at this time. The

court finds, that the jury thoroughly evaluated the evidence and returned verdicts of guilty only to those counts they believed were proven beyond a reasonable doubt. Moroever, when represented by his appellate counsel, the Court of Appeals overturned and remanded the case to this court for re-sentencing.

At the second sentencing, the court arrived at identical findings with regard to the petitioner's base offense level, criminal history category, and Guideline Range. Despite the success of petitioner's appeal on Count Seven, his base offense level remained at 22, his criminal history category remained at V, and his Guideline Range remained at 130 to 162 months. The court of appeals did not direct any additional fact finding on the part of the district court, nor does the petitioner suggest that any additional fact finding was appropriate prior to resentencing.

Next, in regards to Hackney not obtaining a bomb expert and the resentencing counsel Eyster failing to have petitioner's pre-sentence report, courts have found that defense counsel does not have to exhaustively investigate every possible defense in order to be effective. Strickland, 466 U.S. at 690-91. Defense counsel may conclude, in his professional judgment,

10

that a particular line of defense may be fruitless or harmful to his client's case and choose not to pursue such defense. Id. at 691.

In determining whether defense counsel's judgment was effective, the court must consider defense counsel's investigation into the defense at the time defense counsel chose not to pursue it. Both the district court and the appellate court, by not requiring additional fact finding, found that trial counsel, appellate counsel and resentencing counsel's representation did not fall below the range of reasonable professional assistance owed to petitioner. Moreover, petitioner has not met his burden to show that he was prejudiced in any manner by the actions of his trial counsel. As for appellate counsel, he also provided no further arguments besides that appellate counsel was ineffective. The statement that his counsel is ineffective, without more, is not sufficient to establish a violation of his Sixth Amendment rights.

As for bias of the court, the petitioner has not provided any evidence beyond pure conjecture that is powerfully suggestive of bias. The petitioner only attacks the background and personal characteristics of the judge and the court rather than the court's appraisal of a party personally. Thus, the

11

instances that the plaintiff fails to cite sufficient evidence that demonstrates the court's bias.

IV. CONCLUSION

Based on the foregoing, the record conclusively establishes that petitioner is not entitled to relief on his petition to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.

An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DAVID WAYNE HULL, )
        Petitioner, )
                          ) Civ. Action No. 11-0364
v. ) Crim. Action No. 03-0096
                          )
UNITED STATES OF AMERICA, )
        Respondent. )

## ORDER

AND NOW, this ___ day of September, 2011, IT IS HEREBY ORDERED that petitioner's motion to vacate, set aside, or correct sentence [Crim. No. 03-0096, at Doc. No. 173] is DENIED.

BY THE COURT,

_____, C.J.

cc: All Counsel of Record