IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | Criminal No. 03-96 |
| ) | |
| ) | Judge Cathy Bissoon |
| DAVID WAYNE HULL, ) | |
| ) | |
| Defendant. ) | |

# ORDER

Defendant's Motion (**Doc. 205**) for a return of property is **GRANTED IN PART** and **DENIED IN PART**, as follows.

The Court agrees with the government that, for the reasons stated in its Response, Defendant's Motion can be resolved without a hearing. The government has identified six categories of seized items, *see* Doc. 212 at 10, and the Court will follow its categorization-scheme.

As to Group-A, characterized as miscellaneous items that the government agrees must be returned, Defendant's Motion is **GRANTED**. The items identified on page 11 of the government's Response (Doc. 212) shall be returned, per the following directives:

> The government shall make these items available for retrieval by Defendant for **45 days** from the date of this Order (*i.e.*, until **January 26, 2017**), at the offices of the FBI located at 3311 East Carson Street, Pittsburgh, Pennsylvania, 15203. Defendant must contact Special Agent Benjamin J. Lindsey at (412) 432-4000 to make an appointment for a specific date and time. Defendant must allow the FBI at least 48 hours to arrange for the availability of the articles. Defendant must have proper identification available when he presents at the FBI's offices at the pre-arranged date and time. **Should Defendant not timely make arrangements for retrieval, as specified above, the government may move for**

**the destruction of these materials, and, in the absence of good cause shown, that motion will be granted**.

As to Group-B, comprising of the 1989 Mazda that already has been released to Kevin C. Parent, Defendant's Motion is **DENIED**. Defendant has made no effort to rebut the government's assertions, and the matter has been resolved.

As to Group-C, items that were used for testing in connection with the criminal investigation, those items have been were destroyed. Gov't.'s Resp. at 12-13. Defendant does not argue with the government's factual and legal assertions, and, for the reasons stated in its Response, Defendant's Motion is **DENIED**.

As to Group-D, identified as derivative-contraband, the government's positions are supported under the law, and Defendant has failed to object or demonstrate the contrary. Defendant's Motion, therefore, is **DENIED**.

As to Group-E, the CPU and disks, the Court agrees with the government that derivative contraband shall not be returned. Furthermore, the government's request for an additional 30 days to conduct an investigation of the materials is granted. **By January 26, 2017**, the government shall file a supplement indicating whether it continues to oppose a return of the items in Group-E. In the event that it does, the Court will enter an order permitting Defendant an opportunity to respond.

As to Group-F, consisting of an unregistered silencer, no person lawfully may possess this item, and Defendant's Motion is **DENIED**.

Next is Group-G, consisting of 15 firearms, ammunition and components of ammunition. For the reasons articulated in government's Response, Defendant's request for return/transfer will be denied. To be sure, the Supreme Court in Henderson v. U.S. determined that a defendant

may, under certain circumstances, be permitted to make a court-approved/supervised transfer of firearms to a third-party, over whom Defendant cannot exercise control, in order to circumvent the prohibition against convicted-felons possessing firearms or ammunition under 18 U.S.C. § 922(g). *Id.*, -- U.S. --, 135 S. Ct. 1780 (2015). The Supreme Court indicated, however, that such a defendant avoids having "unclean hands" only when his crime-of-conviction is *unrelated* to the property he later seeks to have transferred. *See id.* at 1783 n.1 (citations to supportive authority omitted); *see also id.* (premising putative-transfer on fact that the defendant's felony drug-conviction "had nothing to do with his firearms," and distinguishing his case from ones in which "an individual's misconduct has immediate and necessary relation to the equity that he seeks," such as where "a felon requests the return or transfer of property used in furtherance of his offense") (citation to quoted and other sources omitted).

In this case, the government asserts that Defendant now comes with unclean hands, and the Court agrees. As Defendant concedes, the firearms he seeks to have transferred are the same ones that led to his conviction on felon-in-possession charges. *Compare* Judgment (Doc. 160) at pg. 2 of 11 (Count of Conviction No. 9, violation of 18 U.S.C. § 922(g)(1)) *with* Def.'s Reply (Doc. 213) at ¶ 4 (claiming ownership of firearms he now seeks to have returned or transferred). Under the circumstances, Defendant's misconduct (unlawfully possessing firearms while a convicted felon) is immediately and necessarily related to the equitable remedy he seeks (transfer, in lieu of return, of the same unlawfully-possessed materials). Henderson, at 1783 n.1; *accord* U.S. v. Kaczynski, 551 F.3d 1120, 1129-30 (9th Cir. 2009) (denying request for return of bomb-making materials based on movant's unclean hands) (cited with approval in Henderson). Accordingly, Defendant's Motion is, in this respect, **DENIED**. Furthermore, given Defendant's

inability to lawfully possess or transfer these items, the government may arrange for their destruction (along with the other items regarding which Defendant's Motion has been denied).

Finally, in its supplemental filing regarding the Group-E materials, the government shall state its position regarding whether destruction should be stayed, and/or whether the government will agree not to destroy the materials, until Defendant's appeal-period expires and/or his putative appeal is resolved. *See generally, e.g.*, U.S. v. Noyes, 557 Fed. Appx. 125, 127-28 & n.2 (3d Cir. Feb. 4, 2014) (discussing government's agreement to preserve materials pending conclusion of appeal, and noting that deadline for appealing motion to return property under Criminal Rule 41(g) is 60 days from the date of final judgment).

Once all outstanding issues referenced above are resolved (namely, the return of the Group-A materials and the disposition of the Group-E materials), the Court will issue a final judgment order pursuant to Federal Rule of Civil Procedure 58 (thus starting the 60-day appeal clock). Defendant is cautioned that any attempt to appeal this Court's rulings, in advance of the rule 58-order, will, in all likelihood, result in a dismissal of the appeal as premature.

IT IS SO ORDERED.

December 12, 2016　　　　　　　　　　　　　　s\Cathy Bissoon
　　　　　　　　　　　　　　　　　　　　　　　Cathy Bissoon
　　　　　　　　　　　　　　　　　　　　　　　United States District Judge

cc (via First-Class U.S. Mail):

David Wayne Hull
425 Reber Road
West Liberty, KY  41472


cc (via ECF email notification):

All Counsel of Record